IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LYNDA W. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION |
| ) | FILE NO.: 1: 06-CV-1032-JOF |
| ATLANTA INDEPENDENT ) | |
| SCHOOL DISTRICT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CONSENT PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, with the consent of the parties—as evidenced by their signature below, and for good cause shown, the Court hereby issues this Protective Order, and it is accordingly,

ORDERED that the confidential contents and proprietary nature of all documents, testimony, answers to interrogatories and requests for production or admission and all other information in whatever form produced or given by any person, pursuant to subpoena, order of this Court, or pretrial discovery in this action (hereinafter "Discovery Materials") shall be protected and governed as follows:

1.  Any party may designate as confidential any Discovery Materials that

are deemed in good faith by that party to embody, reflect, refer to or otherwise disclose: (a) trade secrets; (b) information of a confidential or proprietary nature; or (c) information that would cause unreasonable annoyance, embarrassment, or oppression, by either physically marking them as "Confidential" or by separately producing and copying such information and notifying the discovering party in writing of their protected nature.  A party may designate any portion of any deposition testimony as "Confidential" at any time prior to or during a deposition. Within thirty (30) days of receipt of the transcript for review, the party invoking the "Confidential" designation must identify those portions of the final transcript which will remain protected by designating as "Confidential" pages of the transcript in a letter to opposing counsel, and shall also inform the court reporter of his/her responsibilities under this Order.

2.     Discovery Materials designated as confidential may only be made available to (a) counsel of record for any party, and the legal associates, clerical or support staff of such counsel assisting in the preparation of this action; (b) a party, or independent experts, or potential experts, or any other person employed or retained by counsel for the purpose of assisting counsel in this action; (c) in the case of a corporate party, the employees of the party; and (d) witnesses, court personnel and court reporters at any proceedings held in connection with this

action. Once materials designated as confidential are introduced into evidence, they no longer retain the "Confidential" status unless the Court enters an order to the contrary upon a motion by any party to this action.

3. Any person receiving Confidential Discovery Materials shall safeguard their confidentiality and shall not reveal or discuss such materials to or with any person or entity not entitled to disclosures herein provided.

4. Upon termination of this action, including any appeals thereof, all copies of Confidential Discovery Materials shall be returned to the producing party, except that counsel may retain one copy of all such materials for his/her records. The ultimate disposition of protected materials filed with the Court is subject to a final order of the Court upon completion of this litigation.

5. If any party objects to another's designation of Discovery Materials as confidential, the objecting party shall give counsel for the party making the designation written notice of such objection, stating the reason(s) for the objection. The designating party shall respond in writing within ten (10) working days of its receipt. If the parties cannot resolve their dispute, the objecting party may, upon not less than five (5) working days notice to the designating party, apply to the Court for a ruling on whether the materials shall continue to be treated as confidential under the terms of this Protective Order.

6. Nothing herein shall affect or restrict the rights of any party with respect to its own documents.

7. By the entry of this Order, the parties shall not be deemed to have waived any objection available to them in response to any discovery request.

8. This Order is without prejudice to the rights of any party to seek its modification or amendment by further order of this Court. The parties have consented to the entry of this Protective Order upon the express condition that they reserve the right to seek relief or supplemental order of this Court if the provisions of this Protective Order would later result in undue burden or expense or would undermine counsels' ability to represent their clients in this case.

So ORDERED, this _____ day of _____, 2007.

> THE HONORABLE J. OWEN FORRESTER
> UNITED STATES DISTRICT COURT JUDGE

So Moved and Consented to:

/s/  Avni D. Gandhi
Avni D. Gandhi, Esq.
Counsel for Plaintiff
Ga. Bar No. 141576
Kramer & Patel, LLC
170 Mitchell Street
Atlanta, GA 30303
(404) 527-6645
(404) 527-6647 (Fax)

/s/ Dorsey Hopson (with express permission)
Todd Wozniak, Esq.
Ga. Bar No. 777275
Dorsey Hopson
Ga. Bar No. 904000
Lawrence A. Deitrich
Ga. Bar No. 221721
Counsel for Defendant
Greenberg Traurig, LLP
Suite 400
The Forum
3290 Northside Parkway
Atlanta, GA 30327
(678) 553-2100
(678) 553-2212 (Fax)